UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-                                                      1:04-CR-0378
                                                                             (LEK)

JAMES L. FORD

           Defendant.

## MEMORANDUM-DECISION AND ORDER

Defendant James L. Ford ("Defendant" or "Ford") was charged in a six count Indictment with possession of a firearm and ammunition after being convicted of a felony and possession of numerous short-barreled firearms. Superseding Indictment (Dkt. No. 24). On April 28, 2006, Defendant was convicted by a jury of all six counts charged in the Indictment. See Dkt. Nos. 62, 63. Presently before the Court is Defendant's motion for: (1) judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on the grounds that the Government failed to prove beyond a reasonable doubt the elements of the offense charged; and (2) a new trial pursuant to Federal Rule of Criminal Procedure 33. Motion (Dkt. No. 66). For the following reasons, the motion is denied.

**I.    BACKGROUND**

Because the Court is presented with Defendant's motion pursuant to Federal Rule of Criminal Procedure 29, the following evidence is presented in the light most favorable to the Government. Jackson v. Virginia, 443 U.S. 307, 318 (1979); United States v. Amato, 15 F.3d 230, 235 (2d Cir. 1994); United States v. Artuso, 618 F.2d 192, 195 (2d Cir. 1980).

On June, 9, 2004, patrol officers of the Albany Police Department received information that if Defendant was seen, Defendant was to be approached for questioning. At trial, Officer James Wood testified that he knew Defendant and that he was able to recognize him by sight. Both Officer Wood and Officer James Gallagher testified that while in their patrol vehicle in the vicinity of Lark and Orange Streets in Albany, they observed Defendant standing on Lark Street in front of an apartment. After observing Defendant enter and then exit the apartment, the Officers followed Defendant. As the Officers pulled their car over on Orange Street, Defendant saw them and fled, leaping over a chain link fence in the rear yard of 107 Lark Street.

Officer Wood testified that he was first out of the car and was approximately ten to fifteen feet from Defendant. According to Officer Wood, as Defendant was scaling the fence, he observed what appeared to be a dark, heavy object coming from the area of Defendant's waist and that the object flew away from Defendant out in front of him and to the left. The object landed about ten feet away from the fence. At trial, Officer Wood testified that he could not identify what the object was. Officer Wood stated that he could not see Defendant's hands but that whatever came from Defendant had not dropped down to the ground by the fence but instead went straight out away from Defendant and into the yard.

Officer Wood testified that he continued to chase Defendant through the backyards behind Lark Street while Officer Gallagher testified that he circled to Sheridan Avenue in hopes of heading Defendant off. At one point in the pursuit, Officer Wood observed Defendant stopping momentarily on a porch and talking on his cell phone. After Defendant failed to follow Officer Wood's order to remain where he was, Officer Wood observed another person,

2

apparently already in the yard, get up and run away from him. Officer Wood testified that he did not know this other person and that the unidentified individual did not go the same direction as Defendant and Officer Wood.

By this time, numerous police cars and officers arrived on the scene. Detective Thomas McGraw testified that he was among the officers that had arrived and had gone into an alley between houses along Sheridan Avenue. Defendant ran past Detective McGraw and just before Ford was captured, Detective McGraw observed Defendant throwing something over a fence, but could not identify what had been thrown. A set of keys and a cell phone were later located in the area Detective McGraw saw Defendant throw the unidentified object or objects.

Patrol Officer John Muscatello testified that after arriving on scene less than a minute or so from when the police call was received, he located a 9mm handgun in the backyard behind 107 Lark Street. Officer Muscatello stated that there was no one else in the backyard of 107 Lark Street when he arrived.

Sgt. Brian Greagan testified that after responding to the scene, Officer Wood and Gallagher relayed to him that Defendant appeared to be walking toward a Jeep Cherokee parked on Orange Street. Detective Leonard then provided the keys Defendant had discarded before being captured. Sgt. Greagan stated that an inspection of the vehicle revealed what appeared to be the butt of a long gun on the backseat of the vehicle. Sgt. Greagan confirmed that the keys relayed to him by Detective Leonard opened the vehicle. After a search warrant was obtained for the vehicle, officers recovered a sawed-off rifle, a sawed-off 12-gauge shotgun, and a suitcase containing ammunition.

3

Defendant was charged in a six count Indictment with possession of a firearm and ammunition after being convicted of a felony and possession of numerous short-barreled firearms.  Superseding Indictment (Dkt. No. 24).  On April 28, 2006, Defendant was convicted by a jury of all six counts charged in the Indictment.  See Dkt. Nos. 62, 63.  Defendant now seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, a new trial pursuant to Federal Rule of Criminal Procedure 33.  The Government opposes Defendant's motion.  Response (Dkt. No. 69); Addendum (Dkt. No. 71).

## II.	DISCUSSION

### A.	The Rule 29 Motion for Judgment of Acquittal

A defendant challenging the sufficiency of the evidence following a conviction bears a heavy burden.  United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Stephenson, 183 F.3d 110, 120 (2d Cir. 1999) (citing United States v. Gonzalez, 110 F.3d 936, 940 (2d Cir. 1997)).  "A conviction will be upheld if, 'after viewing the evidence in the light most favorable to the prosecution,' the reviewing court finds that 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  United States v. Ragosta, 970 F.2d 1085, 1089 (2d Cir. 1992) (quoting Jackson, 443 U.S. at 319); see also United States v. Zagari, 111 F.3d 307, 327 (2d Cir. 1997); United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984); United States v. Patel, 98-CR-0484, 1999 U.S. Dist. LEXIS 12529, at *3 (N.D.N.Y. Aug. 2, 1999) (McAvoy, C.J.).  The jury's verdict must be sustained if it was supported by "substantial evidence".  Ragosta, 970 F.2d at 1089 (citing Glasser v. United States, 315 U.S. 60, 80 (1942)).  "If 'substantial evidence' exists to support a verdict, it must be

sustained, ... the evidence need not have excluded every possible hypothesis of innocence." United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992) (citations omitted). All reasonable inferences and all issues of credibility must be resolved in favor of the jury's verdict. See United States v. Autuori, 212 F.2d 105, 114 (2d Cir. 2000); United States v. Reyes, 157 F.3d 949, 955 (2d Cir. 1998); United States v. Allah, 130 F.3d 33, 45 (2d Cir. 1997); United States v. Wallace, 59 F.3d 333, 338 (2d Cir. 1995).

In arguing that the evidence presented by the Government was insufficient to support the jury's verdict, Defendant advances three grounds: 1) that no witness testified to seeing Defendant physically possess a loaded Ruger 9mm Model P89 handgun, and no fingerprints were recovered from the handgun; (2) that the testimony of Officer Wood is not credible as a matter of law; and (3) that the testimony of various police officers linking Defendant to the set of keys is inconsistent and, therefore, not credible. Motion (Dkt. No. 66).

Specifically, Defendant argues that Officer Wood's testimony concerning his observation of Defendant scaling the chainlink fence is inconsistent. Id. at 3. Defendant points out that at trial Officer Wood testified that as Defendant was scaling a fence, he observed what appeared to be a dark, heavy object coming from the area of Defendant's waist and that the object flew away from Defendant out in front of him and to the left. Further, Officer Wood testified that the object landed about ten feet away from the fence and he could not tell what the object was. Officer Wood stated that Defendant's back was to him, that he could not see Defendant's hands but that whatever came from Defendant had not dropped down to the ground by the fence but instead went straight out away from Defendant into the yard about ten feet away from Defendant and the

5

fence. Defendant urges this Court to reject Officer Wood's testimony as a result of his failure to explain how an object as dense as a handgun could spontaneously fly from Defendant's person. Id. at 4.

Additionally, Defendant disputes that the vehicle keys found in the general vicinity of Defendant when he was arrested can be properly attributed to him, and without such a nexus, no connection can be established between Defendant and the two weapons and ammunition found in the Jeep parked on Orange Street. Motion (Dkt. No. 66) at 5. In support of this argument, Defendant asserts that inconsistencies exist between the testimony of Detective McGraw, who stated that he witnessed Defendant throw an object over one of the backyard fences and that he and Detective Leonard located the set of keys and cell phone; Detective Leonard, who filed an Investigation Report which stated that he was informed that Defendant had thrown an object over the fence by Officers Gallagher, Wood, Hogan and Brit; and Detective Gallagher, who testified that Detective Leonard had told him that Defendant had thrown the keys over the fence. Defendant argues that the testimony of the officers is inconsistent, and coupled with the fact that Officer Wood saw an unidentified person in the vicinity, Defendant cannot be linked to the keys. Id.

The Court has considered the evidence in this matter and can find no basis to rule favorably on Defendant's Rule 29 motion. First, Officer Wood's testimony was not implausible, nor does the Court believe that a rational juror would be required to disbelieve Officer Wood. "[T]he jury is exclusively responsible for determining a witness' credibility." United States v. Strauss, 999 F.2d 692, 696 (2d Cir. 1993). If a jury believes that a witness contradicts his or her

own testimony or the testimony of other witnesses, the jury need not discredit that witness' entire testimony. "[C]ourts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, 'it is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)). The Court concludes that the evidence considered in its totality and in the light most favorable to the Government is more than sufficient to establish that Defendant dropped the handgun in question.

Second, while there might have been inconsistencies between the testimony of numerous officers concerning which officer first located the set of keys, Defendant's counsel ably exploited any discrepancies at trial. The Court believes that a rational jury could have concluded that many of the inconsistencies were relatively minor in nature or the likely result of the frenetic nature of the chase and the passage of time since the events in question. Given the jury's prerogative to determine the credibility of the witnesses, who they evidently found believable, a reasonable view of the evidence would permit the jury to conclude that the Government met its burden of proof concerning Defendant's possession of the short-barreled firearms and the ammunition. Accordingly, the Court will not set aside the verdict on the ground that it was counter to the weight of the evidence.

B.   The Rule 33 Motion for a New Trial

The decision to grant a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is within the discretion of the trial judge. Sanchez, 969 F.2d at 1413. Such

motions are disfavored and should be granted only with great caution and in exceptional circumstances. United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995); United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993), United States v. Spencer, 4 F.3d 115, 118 (2d Cir. 1993). The burden of proving the need for a new trial lies with the defendant. See United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995); United States v. Solben, 203 F. Supp. 542, 564 (S.D.N.Y. 1961). In deciding a Rule 33 motion, the Court may weigh the evidence and determine the credibility of witnesses, see Sanchez, 969 F.2d at 1413, and is not required to view the evidence in the light most favorable to the Government. See United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980). Despite this, the Court's discretion is limited; it should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." Id.; see also United States v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001); United States v. Gilbert, 668 F.2d 94, 96 (2d Cir. 1981); United States v. Polisi, 416 F.2d 573, 577 (2d Cir. 1969).

  Defendant moves pursuant to Rule 33 for a new trial on the same grounds asserted in support of his Rule 29 motion. Motion (Dkt. No. 66) at 8. As previously discussed above with respect to Defendant's motion pursuant to Rule 29, the Court rejects the contention that the weight of the evidence favored acquittal. The verdict was supported by sufficient competent evidence that leaves the Court with no concern that a serious miscarriage of justice may have occurred. Accordingly, Defendant's Rule 33 motion is denied.

### III..   CONCLUSION

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for judgment of acquittal or for a new trial (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED:     September 26, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge